## G. W. DAVIS *et al.* v. STATE.

No. A-3149—Opinion Filed March 6, 1920.

(187 Pac. 818.)

(Syllabus.)

INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence. The evidence considered, and found sufficient to sustain the conviction of G. W. Davis, and insufficient to sustain the conviction of Mrs. G. W. Davis.

*Appeal from County Court, Comanche County:*
*R. J. Ray, Judge.*

G. W. Davis and Mrs. G. W. Davis were convicted of violating the prohibitory liquor laws, and they appeal.

Affirmed as to defendant G. W. Davis, and reversed and remanded as to defendant Mrs. G. W. Davis.

*J. A. Diffendaffer,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *E. L. Fulton,* Asst. Atty. General, for the State.

ARMSTRONG, J.   The plaintiffs in error, G. W. Davis and Mrs. G. W. Davis, hereinafter called defendants, were informed against jointly for having in their possession whisky and beer with the intent to barter, sell, and give away the same, each convicted, and each sentenced to imprisonment in the county jail of Comanche county for a period of 30 days and each to pay a fine in the sum of $100. To reverse the judgments rendered on the verdict the defendants jointly prosecute this appeal.

The material evidence is that the defendants are man and wife and reside in their home in Lawton, Comanche county; that the said home had the reputation of being a place where whisky and beer were kept for sale; that the defendant G. W. Davis had a United States license as a retail liquor dealer; that the sheriff of Comanche county, accompanied by his deputy, on the 7th day of April, 1917, went to the home of the defendants with a search warrant, and in one of the rooms found Mrs. G. W. Davis and three men, one of whom had a glass of whisky in his hand, which on demand he gave to the sheriff; that Mrs. Davis knocked the glass out of the sheriff's hand and threatened to shoot him; that there was a pitcher of water and a little whiskey on the table; that in one of the vacant rooms of the house, the door of which was locked, but the windows open, were one or two cases of empty bottles and some whisky bottles, quarts and pints; that a search of the house resulted in

finding three quarts of beer which Mrs. Davis admitted belonged to her, and testified that on the 5th day of January she had an operation performed at the Southwest Hospital, and after having been discharged from the hospital Dr. Gooch prescribed beer, which she drank as a medicine; that she had only three bottles of beer; that they were not concealed, and were for the purpose of being used by her as a medicine; that she had never sold any beer or whisky, and that when the men came to the house they asked for Mr. Davis; that she told them he was not in, but she expected him at any time; that Mr. Hafley, one of the three men who were in the house at the time, asked if Mr. Davis had anything to drink, and that she told him if he had it was in the sideboard; that she supposed Mr. Hafley got it; that she had nothing whatever to do with the whisky or any part of it that the men had; that she did not sell it or give it to them; and that she had no connection whatever with the whisky.

The evidence on the part of the state also showed that when the officers approached the house they saw G. W. Davis come out of the house and throw an empty whisky bottle into one of the vacant rooms of the house and disappear.

Upon the close of the evidence each of the defendants separately requested the court to instruct the jury to acquit each of the defendants, which the court refused to do, and each of the defendants separately excepted.

The defendants excepted to several paragraphs of the court's instructions to the jury, which paragraphs of said instructions we deem unnecessary to set out.

The defendant G. W. Davis did not testify in his own behalf.

As Mrs. G. W. Davis was in her home, of which her husband was, of course, in control, and as there was no evidence of the possession of intoxicating liquor on her part further than that she had three bottles of beer, which were not concealed, and which were had in accord with the direction of her physician, and were being used by her as a medicine, we are of the opinion that the evidence is insufficient to sustain the conviction of the defendant Mrs. G. W. Davis, and that the court erred in refusing to instruct the jury to acquit her. It, therefore, is not necessary to consider her further in connection with the case.

The defendant G. W. Davis earnestly insists that the court committed reversible error in admission of the evidence that G. W. Davis had a United States internal license as a retail liquor dealer, but certainly the court did not err in admitting the same as evidence affecting him.

We have carefully considered the paragraphs of the instructions given to the jury of which the defendant G. W. Davis complains, and, considering the said instructions as a whole, which we must do, we are of the opinion that the attack upon said paragraphs of the instructions is without merit.

It is further insisted that the evidence is insufficient to sustain the conviction of the defendant G. W. Davis. With this contention we cannot agree. The evidence is not disputed that the home of the Davises had the reputation of being a place where intoxicating liquors were sold, that G. W. Davis had a United States license as a retail liquor dealer, that a large quantity of empty whisky bottles were found on his premises, and that whisky was in the act of being drunk by another in his house at the time the same was raided, and that when the officers came the defendant

fled, which we think certainly sufficient upon which to base the verdict of the jury as to G. W. Davis and the court did not err in refusing to instruct the jury to acquit him.

The judgment of the trial court as to Mrs. G. W. Davis is reversed, and the judgment of the trial court as to G. W. Davis is affirmed.

DOYLE, P. J., and MATSON, J., concur.